NEWMAN, Circuit Judge,
concurring in part, dissenting in part.
I join the court’s ruling with respect to standing. I write separately because the court, in reviewing the question of infringement, confounds “claim construction” with “infringement,” and on this confusion, rules that the defendant waived critical aspects of its defense of noninfringement simply because those aspects were not raised in the guise of “claim construction.” Thus the court holds that because the district court’s claim construction was not specific to certain details of the defendant’s system, the defendant “waived” its defense that these elements of its system are not within the scope of the claims. From this novel position I must, respectfully, dissent.
Amid the complexities of the procedures of “claim construction” as a prologue to determination of infringement, it is not unusual to see an intermingling or misplacement of the relationship between the claim as construed in light of the description of the invention in the specification, and the question of infringement by the accused device. Questions of infringement may sometimes be decided as claim construction, whereby the claim is construed with so tight a tie to the structure of the accused device that infringement vel non is immediately apparent — and summarily resolved. And questions of claim construction sometimes arise as questions of infringement, whereby the trier of fact (as distinguished from the giver of law) must decide whether the claim reads on the accused device. In either situation, any flaw is more a matter of procedural imprecision, not substantive “waiver,” and any error is normally tolerable, for in either situation the decisionmaker studies the claim, understands the accused device, and decides the relationship between them as a matter of substance, not technicality.
However, as with any tolerant relationship, intolerant situations may arise. Here, for example, the defendant Nextel presented a straightforward defense to the charge of infringement, by arguing that certain aspects of the patentee’s invention are not present in the accused system. Yet my colleagues on this panel hold that this defense is “waived.”
For example, the court holds that Nextel is precluded from arguing that its circuitry does not infringe claim 1 of the '159 patent. Nextel argued non-infringement on the ground that its circuitry differs from the “connecting circuitry” identified in the patent as structure corresponding to the “means to resolve” limitation. My colleagues hold that this argument cannot be raised, although Nextel presented evidence at trial that its circuitry differed from the circuitry shown in the '159 patent. The *1346 court now rules that Nextel waived this non-infringement argument because Nextel did not “object to the district court’s claim construction, request clarification, or offer the construction it now advances on appeal.” Maj. Op. at 1344. However, the question is not of claim construction, but of infringement of the claim as construed.
A district court ordinarily does not resolve all infringement issues through a narrowly targeted claim construction focused on the accused device. Claim construction is derived from the specification of the patent, not the accused device. Here, the district court’s claim construction order stated that
the structures disclosed in the specification that perform [the function of the “means to resolve”] are transceiver, connecting circuitry, CPU, satellite receiving means, terrestrial receiving means, decoders, and temporary store. The parties are not in dispute as to these structures.
Enovsys LLC v. Nextel Commc’ns., Inc., No. 06-CV-5306, slip op. at 6 (C.D.Cal. Feb. 26, 2008) (emphasis added to the term at issue for infringement). The district court, instructing the jury on infringement, explained the following regarding the “means to resolve” limitation:
The words of the clause do not cover all means that perform the recited function of “resolving a global position from the satellites or earth-based communication means.” They cover only the structure described in the patent specification and drawings that perform that function or an equivalent of that structure.
J.A. 2488 (emphasis added). The district court then listed the structures as it had done in its claim construction order. The claim construction and the jury instructions correctly limited the patented structures to those described in the specification. In raising its defense that its “connecting circuitry” was different from that in the specification, Nextel conformed with law and protocol. Thus Nextel presented evidence and argument at trial that its accused iDEN system did not meet the “means to resolve” limitation because it did not have the same “connecting circuitry” described in the specification. Although the jury rejected Nextel’s position, it was considered, and this issue was raised on motion for JMOL. The judge denied Nextel’s JMOL motion, and disagreed with Nextel’s argument that the claim construction required “the exact connecting circuitry in the '159 patent.” The trial judge did not treat Nextel’s argument as a “waived” claim construction argument. However, my colleagues hold that the question of infringing this claim element should have been raised as an appeal from the claim construction. Indeed, whether this question could have been raised in this manner does not mean that defense to infringement is deemed waived and cannot be presented or appealed, on the apparent theory that the defendant was required to request a claim construction in terms of its own circuitry.
Any lapse of precision between fact and law does not lead to “waiver” of the right to defend or the right to judicial review (although it may affect the standard of review). It is incorrect, and a negation of the processes of law, to hold that such a defense against infringement was waived because it was not presented, resolved, or appealed as a matter of claim construction.